DANIEL C. JACOBY, APPELLANT, v. NEW YORK LIFE INSURANCE CO., RESPONDENT.—77 S. W. (2d) 840.

Kansas City Court of Appeals. December 3, 1934.

*Kennard & Gresham* for appellant.

*Clark, Boggs, Cave & Peterson* for respondent.

REYNOLDS, C.—This is a suit by plaintiff against the defendant for permanent and total disability, rendering him so disabled by bodily injuries or disease that he is wholly prevented from performing work and following any occupation or engaging in any business for remuneration or profit, for the sum of $330 and for the recovery of a premium paid by plaintiff in the sum of $113.68 and vexatious delay and attorney's fees, under a disability policy of insurance issued by the defendant to the plaintiff on August 30, 1926. From an adverse judgment, the plaintiff, after an unsuccessful motion for a new trial, appeals.

The policy, among other matters, recites as follows:

Disability shall be considered total whenever the Insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, provided such disability occurred after the insurance under this policy took effect and before the anniversary of the policy on which the Insured's age at nearest birthday is sixty.

Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the Insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been totally disabled as above defined, the following benefits will be granted:

(a) Waiver of Premium.—The Company will waive the payment of any premium falling due during the period of continuous disability, . . .

(b) Income Payments.—The Company will pay to the Insured the monthly income stated on the first page here of ($10 per $1,000 of the face of this policy) for each completed month from the com-

mencement of and during the period of continuous total disability
. . .

The petition on which the cause was tried, in substance, alleged the issuance of the policy, upon the consideration of the sum of $113.68 payable on the thirtieth day of August of each year, whereby the defendant agreed: to pay plaintiff $20 per month and to waive payment of premiums in the event of plaintiff's total disability within the terms of the policy upon receipt of due proof of such total disability at the company's home office, before default in the payment of any premium, and of due proof that he would be continuously so totally disabled for life; or, in the event that the proof submitted was not conclusive as to the permanency of such permanent total disability but established that the insured was and had been for a period of not less than three consecutive months immediately preceding receipt of such proof totally disabled within the terms of the policy, to pay to the plaintiff the monthly income stated in the first page of the policy—$10 per thousand dollars of the face of the policy for each complete month from the commencement of and during the period of continuous total disability—and to waive the payment of any premium falling due during the period of total disability.

It is further alleged in said petition that, for many years, plaintiff had been a contractor engaged in taking contracts for the painting and decorating of buildings and that such was his occupation at the time the policy was issued; that, on May 15, 1931, on account of sickness and disease, he became, and was at the time of the filing of the petition, totally disabled from performing any work or labor by which he might earn a livelihood; and that plaintiff had made due proof of such to the defendant as required to be done but that the defendant has failed and refused to acknowledge such proof and to pay plaintiff the sum of $20 per month according to the terms of the policy but has required the plaintiff to pay a premium in the sum of $113.68 on said policy, as of August 30, 1931.

The defendant, by an amended answer filed, made general denial of plaintiff's petition and, further answering, set up that it was provided in said contract of insurance that the disability should be considered total whenever the insured became so disabled by bodily injury or disease as to be wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, provided such disability occurred after the policy took effect and before the anniversary of the policy on which the insured's age at his nearest birthday was sixty years and that it further provided that, before the defendant should be liable for the payment of any benefits for permanent disability under the policy, the insured should present to the company's home office, before default in the payment of any premium, due proof that the

insured was totally disabled for life as defined in said policy or, if such proof submitted was not conclusive as to permanency, it should then show that the insured was and, for a period of not less than three consecutive months immediately preceding the receipt of said proof by the company, had been totally disabled as defined in the policy. The amended answer further denied that plaintiff had ever furnished to the defendant proof of disability as, by the policy, he was required to furnish. It further set up that plaintiff was not, at the time of the filing of the petition or prior thereto, so disabled by bodily injury or disease that he was wholly prevented from performing any work or from engaging in any business or occupation for remuneration or profit.

The reply was a general denial.

Upon a trial before a jury, the court granted a peremptory instruction asked by the defendant at the close of the evidence, directing a verdict in its favor as to the issue of vexatious delay and attorney's fees but refused an instruction directing a verdict in its behalf on the other issues and submitted the cause to the jury upon such other issues upon instructions A for the plaintiff and 1 and 2 for the defendant.

It appears from the evidence in the record that the premiums were paid upon the policy, extending it to August 30, 1932; that, during the month of May, 1931, plaintiff, by reason of dizziness of which he became seized, was disabled to such an extent that he could not keep upon his feet and was required to hold to something to keep from falling. It appears stated in the application for the policy, in evidence, that plaintiff's occupation was that of a painting contractor, painter, and decorator and that his exact duties were ''executive and managerial.''

The plaintiff, upon the trial, denied that he had stated in the application that his duties were executive and managerial but asserted that such statement was inserted by the agent. He, otherwise, upon the trial, supplemented the application by the explanation that his business was that of a working contractor, that he worked himself and took other men along who worked with him. He testified that he had been unable to stand any length of time; that he did not feel much better sitting down; that his condition had grown worse; that he was up and down during the day and lived on milk and cereal; that he was at El Paso, Texas, when first seized and disabled; that he went from there to California, where he was for a short time, and from there returned to El Paso, Texas; that, on April 2, 1932, he came to Kansas City where he appears to have remained since. He testified that, at the time of the trial, he was still under the treatment of his physician and incapacitated for and unable to do any work on account of his condition and was still upon a milk diet; that he was unable to stand upon his feet longer than thirty minutes and, when

lying down, was in misery; that, while in California, he figured on three or four small residences and, while in Austin, Texas, figured on seven university buildings; that he thought he was able at the time of the trial to figure a job "pretty close." It appears that he had a country school education and that, from 1920 to 1925, he "ran a grocery store."

It appears that, upon coming to Kansas City, he was examined by Dr. Owen Krueger on April 5, 1932, who testified as to plaintiff's diseased condition at that time and, after describing it, gave as his opinion that, upon such date, by reason of such condition, he was unable to follow any vocation. This witness appears to have again seen plaintiff in November, 1932, and stated that his condition at that time, so far as ability to work was concerned, was about the same as on April 5; that he was in no condition to do manual labor but that he might fill a clerical position where there was no mental strain required; that he might superintend work as a director and foreman of other workmen; that, at times, he was not troubled with stomach pain to any great extent; that, at times, when he was not troubled with his complaint, he might be both physically and mentally able to carry on work other than that requiring manual labor.

Other facts disclosed by the record will be noted as occasion may require.

## OPINION.

■ Upon this appeal, plaintiff separately assigns error in the giving of instructions numbers 1 and 2 by the court in behalf of defendant. They are the only errors assigned.

■ It is insisted by defendant that the plaintiff is not entitled to have such assignments reviewed, being the only assignments made and relating as they do to instructions given in defendant's behalf, for the reason that plaintiff did not, upon the trial, make a submissible case and is therefore not concerned in the instructions given for defendant, by which the case was put to the jury.

The point thus made—that plaintiff did not make a submissible case—rests upon the contention by defendant that plaintiff failed to make proof upon the trial of having made due proof of his disability to the defendant within the meaning of the policy sued upon.

■ The evidence in the record relating to or bearing upon the question of proofs furnished is found in plaintiff's testimony upon the trial and in two letters from the defendant company's local agent at Kansas City, Missouri, to plaintiff, of dates May 16, 1932, and May 26, 1932, the former appearing in plaintiff's record and the latter in defendant's supplemental record.

A mere statement, presumably, with reference thereto, in plaintiff's testimony, appears as follows: "Got blanks at the company's branch office in Kansas City. I went down there and they furnished me blanks and one of the two doctors filled mine out and I delivered

it to the office. That is where they took my money. David Smith of Kansas City, Kansas, represented me as my attorney in making out my claim. He wrote to the company for me about the claim.''

There is nothing in his testimony disclosing what was upon the blank forms or what was written thereon by plaintiff's doctor or what the contents thereof, when filled out, were. If he gave directions to defendant's local office or agents at Kansas City to forward them to defendant at its home office, the record does not so disclose.

The letter of date May 16, 1932, referred to above, is as follows:

''New York Life Insurance Company

''Kansas City Branch Office

''New York Life Building, 20 West 9th St.,

''at Baltimore Ave., Kansas City, Mo.

''B. A. Notzon, Supervisor

''E. H. Howbert, Agency Organizer

''Leo C. Schellhorn, Cashier

''May 16, 1932

''Mr. Daniel C. Jacoby,

''1734 Jefferson,

''Kansas City, Missouri.       Re Pol. 9,579,188

''Dear Mr. Jacoby:

''The following is a copy of a letter we have just received from our home office in regard to the above policy:

'' 'Kindly explain to the insured that under the terms of the disability benefit provision of his policy contract, disability benefits become effective upon receipt at the Company's home office of due proof that the insured is totally and presumably permanently disabled. Disability shall be presumed to be permanent if the proof submitted is not conclusive as to the permanency but establishes that the insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof, has been totally disabled. From the evidence submitted and information obtained by the Company it does not appear that the insured has been so totally disabled and consequently the company cannot approve the claim.'

''Very truly yours,

''L. C. SCHELLHORN, Cashier.''

MMcK:MM

The letter of date May 26, 1932, referred to above, is as follows:

''New York Life Insurance Company

''Kansas City Branch Office

''New York Life Building, 20 West 9th St.,

''at Baltimore Ave., Kansas City, Missouri

''Mr. Daniel Jacoby,

''1743 Jefferson Street,

''Kansas City, Missouri.

"Re Policy No. 9579 188
"CL. #77 429-C

"Dear Mr. Jacoby:

"We have received a letter from the Home Office regarding the above disability claim, copy of which is attached.

"We believe the letter is self-explanatory.

"The Company will be pleased to consider any evidence of *total* disability that you might furnish.

"Very truly yours,
"L. C. SCHELLHORN, Cashier,
"by M. DURAND."

■ The petition in this case, among other allegations contained, as a basis for recovery, charges, ". . . that on the 15th day of May, 1931, he (plaintiff) became, and is now, totally disabled from performing any work or labor that will earn him a livelihood, and is now totally disabled on account of sickness and disease and has made due proof of same as required by the defendant, to the defendant . . ."

The policy, it is noted, in itself provides that "Upon receipt at the company's home office . . . of due proof that the insured is totally disabled as above defined . . . the following benefits will be granted . . ."

The plaintiff, having recognized that under the terms of the policy due proof of his disability was required to be furnished defendant, so pleaded in his petition that such due proof had been furnished as required by defendant, basing his right to recovery thereon.

True, under such an allegation as one of the due performance by plaintiff of all the conditions and requirements of a contract upon his part, a waiver by defendant of such requirements in whole or in part may be shown if such waiver occurs to take the place of proof of strict performance as alleged; but the waiver must be shown. It has been held that strict proof of such requirements as the furnishing of due proof, here required, may be and is waived where defendant, instead of standing upon such requirements and requiring that such proofs be furnished by plaintiff, upon mere notice of a claim of disability, undertakes and makes an independent investigation of its own and bases the determination of its liability therefor upon such independent investigation. [Hablutzel v. Home Life Ins. Co. of N. Y., 332 Mo. 920, 59 S. W. (2d) 639.] In such case, the mere notice to defendant is a sufficient compliance by plaintiff upon his part; for the defendant, by its conduct, construes that mere notice as the due proof required. Otherwise, unless so waived or waived in some other manner, the burden is upon the plaintiff to show strict compliance with the requirement that due proof be furnished; and proof of such compliance must appear in the record.

■ In this case, however, it does not appear that defendant ever

had notice of plaintiff's alleged disability, other than such as might have been had from the papers left by plaintiff with defendant's local agent at Kansas City, claimed by plaintiff to be proofs furnished by him. That such papers were forwarded to or the contents thereof communicated to the home office of defendant fairly appears from the letter of date May 16, 1932, written by defendant's local agent at Kansas City to plaintiff, in which a copy of a letter from the home office was set forth wherein it was substantially stated that, from the evidence submitted and information obtained by the company, it did not appear that the insured had been totally disabled within the contemplation of the disability benefit provisions of the policy or that due proof of plaintiff's total disability within the meaning thereof had been made under the proofs submitted. This letter was supplemented by another regarding plaintiff's claim, a copy of which was mailed by defendant's local agent at Kansas City to plaintiff on May 26, 1932. At the same time, defendant's local agent at Kansas City advised plaintiff by letter that defendant would be pleased to consider such evidence of *"total* disability" as he might furnish. Just what information the company had acquired, other than such as might have been contained in the papers left with its local agent, or how or in what manner it had obtained it—whether upon an independent investigation of its own or of its agent—is not shown. Just what information it had from any source is not shown. Just what evidence, if any, was submitted by plaintiff upon the blanks filled out by his doctor is not shown. All that appears in the record concerning the contents of such paper is the statement of the defendant in its letter that, from the evidence submitted and the information obtained, neither plaintiff's total disability nor proof thereof appeared upon plaintiff's part to establish his right to benefits under the policy; and later it advised him that it would consider any evidence of *"total* disability" he desired to furnish. From these two letters, it sufficiently appears that defendant did not deny liability but only refused to approve the claim and acknowledge liability upon the evidence furnished and the information obtained because they did not show total disability upon plaintiff's part and advised plaintiff that, if he would submit to it such evidence of *"total* disability," it would further consider it.

Clearly, this was not sufficient to show a waiver by defendant of due proof of plaintiff's total disability or a denial by it of all liability by reason of an independent investigation of its own. There is no denial of liability shown. The defendant merely refused to acknowledge liability upon the proofs at hand or other information had and invited proof of plaintiff's disability in the degree required to be furnished by him. The record nowhere shows what the proofs claimed to be were or what were the proofs acted upon by the defendant or what other information it had at hand. Due proof in

this case is that more or less formal evidence of plaintiff's total disability within the terms of the policy, the particulars thereof, and the data necessary for the defendant to determine its liability. [Schell v. Metropolitan Life Ins. Co. (Mo. App.), 3 S. W. (2d) 269.] And it is to be made by furnishing such evidence to the defendant at its home office. What plaintiff furnished to the defendant in the way of proof is not shown; and, therefore, it cannot be told from the record in this case that due proof was furnished. The burden is upon the plaintiff to show that it was furnished or that the defendant waived it or construed by its conduct that it meant nothing more than notice to be given it. This, plaintiff has not done.

■ The facts of this case do not bring it within the facts of the case of Hablutzel v. Home Life Insurance Company, supra, relied upon by the plaintiff. In that case the defendant, by its conduct, construed mere notice of the insured's disabilities or death as the due proof to which it was entitled and required none other from the claimant. It thereupon made its own independent investigation, upon which it acted.

■ Mere notice of disability or of a claim therefor is not due proof unless the defendant so construes and accepts it as such. Due proof is not required to be made up or furnished in any particular form, nor is it required to be the strongest or the best proof available, but it must be such as to give the insurer the essential facts upon which its liability depends and such as is credible and should ordinarily induce belief in the truth of the facts stated. [Hablutzel v. Home Life Ins. Co. of N. Y. (Mo. App.), 52 S. W. (2d) 480.]

■ Plaintiff failed to furnish any evidence from which it might be determined that due proof of his total disability had been made and furnished by him to the defendant; and, that he did so furnish such proof being denied by the defendant in its answer, the plaintiff did not make a case entitled to be submitted to the jury. The judgment below having been secured by the defendant, it cannot be taken away from it upon this appeal unless it appears that the plaintiff made a submissible case upon the trial; and that he did not make such a case is open to be shown by defendant, regardless of whether the disposition of his demurrer below is open for review or not. The contention of the defendant that therefore plaintiff is not entitled to be heard upon this appeal to complain of error in instructions, if any, to bring about a reversal of the judgment below must be sustained. Not having made a submissible case, he is not concerned in the manner in which it was put to the jury by the instructions. [Bello v. Steuver (Mo.), 44 S. W. (2d) 619, l. c. 620, 621; Fuenfgeld v. Holt, 70 S. W. (2d) 143.]

The judgment of the trial court is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.